**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| **HAYDEN ASSET VI, LLC,** | **Civil Action No. 2:13-03915 (ES) (JAD)** |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION ON** |
| | **PLAINTIFF'S MOTION TO REMAND** |
| **SILVIO DESOUZA, LLC a/k/a SILVIO S.** | |
| **DESOUZA, LLC, SILVIO S. DESOUZA,** | |
| **BRAZILIAN PRESS AND ADVERTISING,** | |
| **INC., and STATE OF NEW JERSEY,** | |
| **Defendants.** | |

---

**JOSEPH A. DICKSON, U.S.M.J.**

      This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Chancery Division, Essex County, pursuant to 28 U.S.C. § 1441 and § 1446. (Motion to Remand, ECF No. 2-1). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **granted**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

      This action involves commercial foreclosure proceedings commenced by Peapack Gladstone Bank ("PGB") against defendants, Silvio Desouza, LLC a/k/a Silvio S. Desouza, LLC, Silvio S. Desouza, Brazilian Press and Advertising, Inc., (collectively, the "Defendants"),

and the State Of New Jersey. (Complaint, ECF No. 4-1). PGB has its principal place of business at 500 Hills Drive, Bedminster, New Jersey. (Id. at 1). On March 14, 2008, PGB loaned $487,500.00 ("Loan") to Silvio Desouza, LLC a/k/a Silvio S. Desouza, LLC that is evidenced by a Note ("Note"). (Id. at 2). Additionally, Silvio S. Desouza and the Brazilian Press and Advertising, Inc. each personally and unconditionally guaranteed these obligations under the Note. (Id.). On March 14, 2008, PGB provided a Mortgage ("Mortgage") to Defendants who defaulted on the Mortgage on February 14, 2012. (Id. at 2, 3).

As a result, on August 16, 2012, PGB filed a Complaint in the Superior Court of New Jersey, Essex Vicinage, Chancery Division, bearing docket number F-016567-12 (the "State Court Action"). (Id.). On October 23, 2013, Defendants filed an Answer, Affirmative Defenses, and Counterclaim (collectively, the "Answer") against PGB. (Answer, ECF No. 4-1). Subsequent to initiating this action, PGB assigned the Note and Mortgage to Hayden Asset VI, LLC, a Delaware limited liability company, on March 8, 2013. (Cert. of William Enrique Agrait, ECF No. 4-2, at 30-31). As such, it appears that Hayden Asset became the successor in interest to PGB and the rightful owner of the Note and Mortgage. (Id.).

On April 24, 2013, Hayden Asset's counsel filed a motion to amend the caption in order to substitute Hayden Asset as the Plaintiff pursuant to New Jersey Court Rule 4:34-3. (Id. at 20). On May 2, 2013, Hayden Asset provided information regarding the location of its offices in New York in response to Defendants' interrogatories and document demands. (Id. at 36). On May 21, 2013, the New Jersey Superior Court entered an Order substituting Hayden Asset as the named Plaintiff. (Id. at 45). Plaintiff served Defendants a copy of the Order on May 23, 2013. (Id. at 44).

On May 17, 2013, Hayden Asset filed a motion for summary judgment in the State Court Action. (Motion to Remand, ECF No. 2-1, at 4). The New Jersey Superior Court set hearing for summary judgment on June 28, 2013. (Id. at 5). Three days before, on June 25, 2013, Defendants filed their Notice of Removal asserting that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1).

On July 25, 2013, Plaintiff moved to remand this case to the New Jersey Superior Court, arguing that Defendants' Notice of Removal was untimely because it was not filed within thirty days of receiving notice of diversity of citizenship. (Motion to Remand, ECF No. 2-1, at 7). Plaintiff contends that it is entitled to attorney's fees because the Notice of Removal was untimely and filed in bad faith "with the intent to circumvent the state court's imminent decision on summary judgment." (Id. at 10). Defendants opposed Plaintiff's Motion to Remand on August 8, 2013 arguing that removal was timely. (Opposition to Plaintiff's Motion to Remand, ECF No. 3, at 11). Plaintiff replied on August 16, 2013 with a memorandum in further support of its Motion to Remand, further alleging that Defendants failed to establish diversity jurisdiction. (Support of Plaintiff's Motion to Remand, ECF No. 10, at 3).

## II.    LEGAL STANDARD – REMOVAL AND REMAND

Section 1441(a) of Title 28 allows removal of a civil action from state court to federal court if the federal court has original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a

citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). These requirements are commonly referred to as "complete diversity" and the "forum defendant rule." Complete diversity prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009). An action may also be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(a). This is commonly known as "federal question jurisdiction."

Additionally, a removing defendant must comply with a procedural requirement set forth in 28 U.S.C. § 1446(b)(1), which requires a removing defendant to file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. Appx 747, 751 (3d Cir. 2009). In matters removed solely on the basis of federal question jurisdiction under 28 U.S.C. §1441(a), the removing defendant is also required to gain the consent of any and all other defendants properly joined and served in the action. 28 U.S.C. § 1446(b)(2)(A).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

### III.   **ANALYSIS**

Defendants removed this case on the grounds that this Court enjoyed original subject matter jurisdiction over Plaintiff's claims. (Notice of Removal, ECF No. 1). Specifically, Defendants contend that because the amount in controversy exceeds $75,000 and Plaintiff is not a citizen of the same state as any Defendants, this court has original subject matter jurisdiction based upon diversity pursuant to 28 U.S.C. § 1332. (Id.).

Plaintiff argues that Defendants' Notice of Removal was "untimely because it was not filed within thirty days of receiving notice of diversity of citizenship." (Motion to Remand, ECF

4

No. 2-1, at 7). In opposing remand, Defendants argue that notice of removal was timely and that diversity jurisdiction is satisfied, notwithstanding Defendants' acknowledgement that they still do not know the citizenship of the members who make up Plaintiff, Hayden Asset, a limited liability company. (Opposition to Plaintiff's Motion to Remand, ECF No. 3, at 13).

**A. Diversity Jurisdiction**

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, Defendants' removal papers indicate that every defendant is a citizen of the forum state (New Jersey). (Notice of Removal, ECF No. 1, at 4). As such, Defendants are statutorily barred from removing this case to the United States District Court solely on diversity grounds.

Defendants' removal also fails on technical grounds. Citizenship of unincorporated entities, such as a limited liability companies, for purposes of diversity jurisdiction is determined by the citizenship of its members. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990) ("diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several persons composing such association, each of its members") (internal citations and quotations omitted); See also Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("the citizenship of an LLC is determined by the citizenship of each of its members"). "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

When removing the present case, Defendants simply stated that Plaintiff, Hayden Asset VI, LLC, is "a duly incorporated Delaware Limited Liability Company," yet they failed to identify the citizenship of its members. (Notice of Removal, ECF No. 1, at 2). Subsequently, in Defendants' Opposition to Plaintiff's Motion to Remand, Defendants appear to concede they did not have the appropriate information regarding the citizenship of Plaintiff's members. (Opposition to Plaintiff's Motion to Remand, ECF No. 3, at 13) ("Given the lack of disclosure as to the citizenship of each of the partners of even where said LLC was incorporated, defendant had no ascertainable notice as to diversity").

Defendants do not contend that this case involves a federal question, thereby limiting subject matter jurisdiction to diversity. Defendants bear the burden of establishing that subject matter jurisdiction exists, as "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Defendants failed to satisfy their burden when they failed to provide the Court with the citizenship of each of Hayden Asset's members and, for this additional reason, this case must be remanded.

### B. Timeliness of Removal

Because this case must be remanded based on Defendants' failure to establish subject matter jurisdiction based on diversity, the Court need not address the parties' argument regarding the timeliness of notice of removal.

### C. Attorney's Fees

This Court finds that although Defendants improperly removed this matter, it appears that removal may have been simply misguided rather than an action constituting "procedural gamesmanship performed in bad faith," as Plaintiff contends. (Br. in Support of Plaintiff's

6

Motion to Remand, ECF No. 10, at 11).   Accordingly, this Court recommends that Plaintiff's request for attorney's fees be denied.

### IV.   **CONCLUSION**

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (Motion to Remand, ECF No. 2-1), be granted and that this matter be remanded back to the New Jersey Superior Court, Chancery Division, Essex Vicinage.

2/25/14

Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.

7